1
2
3
4
5
6          **UNITED STATES DISTRICT COURT**
7              **DISTRICT OF NEVADA**
8
9    RICHARD EARL BARBER,
10          Petitioner,                    Case No. 3:08-CV-00551-LRH-(VPC)
11   vs.                                    ORDER
12   STEPHANIE HUMPHRIES, et al.,
13          Respondents.
14
15          Before the Court are the Amended Petition for a Writ of Habeas Corpus Pursuant to 28
16   U.S.C. § 2254 (#4), Respondents' Motion to Dismiss (#16), Petitioner's Objection (#21), and
17   Respondents' Reply (#22). The Court finds that Petitioner has not exhausted his available remedies
18   in state court and grants the Motion (#16).
19          Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must
20   exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a
21   petitioner must fairly present that ground to the state's highest court, describing the operative facts
22   and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan
23   v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).
24          "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state
25   remedies only if he characterized the claims he raised in state proceedings specifically as federal
26   claims. In short, the petitioner must have either referenced specific provisions of the federal
27   constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir.
28   2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that

applies federal constitutional principles will also suffice.  Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).  "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion.  Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion."  Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

After a jury trial in the Eighth Judicial District Court of the State of Nevada, Petitioner was convicted of felony driving under the influence of intoxicating liquor.[1]  Ex. 26 (#18-29).  Petitioner appealed.  He filed a fast-track statement, and the state filed a fast-track response.  Ex. 35 (#18-38), Ex. 36 (#18-39).  The Nevada Supreme Court affirmed.  Ex. 38 (#18-41).  Petitioner then commenced this action.

Part of Ground 1 roughly corresponds to Petitioner's first issue on appeal.[2]  On appeal, Petitioner argued that the trial court erred in its denial of his motion to dismiss based upon the lack of appropriate prior convictions for driving under the influence to elevate the charge to a third-offense felony.  In his fast-track statement, Petitioner did not cite any provisions of the Constitution of the United States, he did not cite any federal-court cases that analyze provisions of the Constitution, and he did not cite any state-court cases that analyze provisions of the Constitution.  Petitioner did quote one decision of the Nevada Supreme Court, which referred to "[t]he spirit of constitutional principles."  State v. Smith, 774 P.2d 1037, 1041 (Nev. 1989) (citing Santobello v. New York, 404 U.S. 257 (1971)).  The statement in Smith is a general appeal to broad constitutional principles that does not establish exhaustion.  See Hiivala, 195 F.3d at 1106.

Also in Ground 1, Petitioner alleges that his plea agreement on an earlier conviction for driving under the influence was violated.  Petitioner never presented this issue to the Nevada Supreme Court.

---

[1]For driving under the influence, the first offense is a misdemeanor, the second offense is a gross misdemeanor, and the third offense is a felony.  Nev. Rev. Stat. § 484.3792(1).

[2]Petitioner presented two issues on direct appeal.  The second issue was that the prosecution committed misconduct.  Petitioner does not present the misconduct issue in this action.

1    For the above-stated reasons, Ground 1 is not exhausted.

2    Petitioner concedes that Grounds 2 and 3 are not exhausted.  He asks the Court to stay the

3 action while he returns to state court to exhaust those grounds.  However, the entire Amended

4 Petition (#4) is not exhausted.  There is nothing left to stay, and the Court will dismiss the action

5 without prejudice.  Nothing in this order affects the running of the period of limitation pursuant to

6 28 U.S.C. § 2244(d).

7    Petitioner submitted a Response (#23) to Respondents' Reply (#22).  The Court strikes this

8 document because Local Rule 7-2 does not authorize it.

9    IT IS THEREFORE ORDERED that Petitioner's Response (#23) is **STRICKEN** from the

10 record.

11    IT IS FURTHER ORDERED that Respondents' Motion to Dismiss (#16) is **GRANTED**.

12 This action is **DISMISSED** without prejudice.  The Clerk of the Court shall enter judgment

13 accordingly.

14    DATED this 29th day of October, 2009.

15

16                                          _____

17                                          LARRY R. HICKS
                                           UNITED STATES DISTRICT JUDGE

-3-